## COMMONWEALTH *vs.* JOHN E. BOYDEN.
## SAME *vs.* GEORGE L. BURNHAM.

Upon the trial of an indictment for being a common seller of intoxicating liquors, the Commonwealth, after introducing testimony of sales in a particular house, may ask the witness whether he had known of the defendant's living in any other house during the time in question.

Upon the trial of an indictment for being a common seller of intoxicating liquors, evidence that bottles had been seen in a room in the defendant's house, containing a bar, and called the bar-room, is competent.

Upon the trial of an indictment for being a common seller of intoxicating liquors, evidence that persons had drank liquor in the defendant's house, and that the defendant had been seen in all the lower rooms, is competent.

INDICTMENTS on *St.* 1855, *c.* 215, on which the defendants were convicted of being common sellers of intoxicating liquors, at January term 1859 of the court of common pleas in Essex,

before *Aiken,* J., who signed two bills of exceptions, the materia. parts of which were as follows :

" Upon the trial of Boyden, the government introduced evidence tending to show that the defendant was keeper of the Gloucester House, so called, in Gloucester, and also that intoxicating liquor had been sold therein by the defendant and by others ; and put upon the stand Samuel Fears, who testified that during the past year he had seen the defendant in said house several times. The attorney for the government then asked said Fears, if he had known of the defendant living at any other house than the Gloucester House during the time alleged in the indictment ; which was objected to by the defendant ; but allowed by the court to be put ; and the witness answered that he had not.

" The attorney for the government asked another witness, if, in a certain room, in which there had been evidence of a bar, and was called the bar-room in said house, he had seen bottles, which was objected to by the defendant, but allowed by the court to be put and answered."

" On the trial of Burnham, Samuel Fears testified that he never saw the defendant in any shop, but had seen him in his own house; and in answer to a question of the district attorney, said he had never bought any liquor there. The district attorney then asked the witness, if he ever drank any liquor at the defendant's house ; to which question the defendant objected ; but the court decided that the question might be put, and it was put, and answered by the witness, that he had drank there.

" Another witness was asked by the district attorney, What have you seen the defendant doing in his own house ? the witness having previously testified that he knew the defendant at his boarding house; to which the defendant objected ; but the court allowed it to be put, and the witness answered that he had not seen the defendant doing anything ; but had seen him in all the lower rooms."

*W. D. Northend,* for the defendants. 1. It is not competent for the government to ask a witness if he had known of the

defendant's living at any other house than the Gloucester House, in order to show that he was proprietor of the Gloucester House.

2. The fact that bottles have been seen in a house does not tend to show that intoxicating liquor is sold contrary to law.

3. It is not an offence to drink intoxicating liquors; and it cannot be competent for the government, after a witness has negatived a purchase of liquor, to prove that he has drunk liquor in the dwelling-house of the defendant. And the admission of such evidence tends to prejudice the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BIGELOW, J. The evidence objected to, in each of these cases, was relevant to the issue; and although of itself it might not prove any very important fact, it was nevertheless competent as forming links in the chain of testimony which might be material in support of the charge laid in the indictment.

*Exceptions overruled.*